**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER SEAN BAKER,** | ) | **CASE NO. 1:21 CV 00623** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **BRYANT & STRATTON COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Christopher Sean Baker ("Baker") has filed this action against Defendant Bryant & Stratton College ("Bryant & Stratton" or "Defendant") entitled "Complaint: Breach of Contract." Bryant & Stratton filed a Motion to Dismiss Plaintiff's Complaint and for Sanctions (Doc. 6). For the following reasons, Defendant's Motion is granted in part and denied in part, and this action is dismissed.

**A.  Background**

On August 15, 2017, Baker filed a complaint under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against Bryant & Stratton, in *Baker v. Bryant & Stratton College*, N.D.Ohio No. 1:17-CV-01705, 2017 U.S. Dist. LEXIS 209236 (Dec. 20, 2017) ("Baker I"). Baker alleged that Bryant & Stratton failed to provide him with reasonable testing accommodations pursuant to the ADA and Bryant & Stratton retaliated against him for his requested accommodations. *See Baker I* at *1-3.

In his Complaint in *Baker I*, Baker alleged the following: (1) some time between January

and April 2015, he requested Bryant & Stratton provide him with academic accommodations "to comply with [his] doctor's treatment" and Bryant & Stratton did not provide the accommodations, which caused Baker to fail two classes; (2) during the period of May to August 2015, Bryant & Stratton did not comply with the requested accommodations or comply with its May 6, 2015 letter in which Bryant & Stratton purportedly stated that it would "follow" academic accommodations and permit Baker to repeat the failed third semester at no expense, he was forced to take his test in a room above active construction rather than a quiet testing room, and his test was graded with a different, harsher standard; and (3) the director of the nursing program refused Baker's request to use a quiet testing room because the room lacked security cameras to watch Baker.  *Id.* at *1-4.

On December 20, 2017, the Court granted Bryant & Stratton's Motion for Judgment on the Pleadings in part, finding that Baker's claims were time barred, and dismissed Baker's Complaint with prejudice.  *Id.* at *9-10.  Baker appealed to the Sixth Circuit Court of Appeals, and on August 31, 2018, the Sixth Circuit affirmed this Court's decision.  *Baker v. Bryant & Stratton College*, 6th Cir. No. 18-3082, 2018 U.S. App. LEXIS 24973 (Aug. 31, 2018).

On March 18, 2021, more than two years after the Sixth Circuit affirmed this Court's decision in *Baker I*, Baker filed this Complaint in which Baker once again alleges Bryant & Stratton committed unlawful acts surrounding testing accommodations in 2015.  Specifically, Baker alleges in this Complaint that Bryant & Stratton failed to comply with its student handbook by failing to provide testing accommodations; it breached a "valid legal contract" outlined in Bryant & Stratton's letter of May 6, 2015; and it defrauded Baker in order to obtain his tuition payments.  *See* Doc. 1.

-2-

Bryant & Stratton filed a Motion to Dismiss Plaintiff's Complaint and for Sanctions, asserting that Baker's Complaint in this action should be dismissed based on the principles of res judicata. *See* Doc. 6. Defendant states that Baker now seeks "the proverbial second bite at the apple" by re-labeling his ADA claims as a "breach of contract" and "fraud." *Id.* Defendant also requests sanctions against Baker for the re-filing of essentially the same claims that were dismissed in *Baker I* and offering no new facts, alleging no new misconduct, and failing to identify any new transactions or occurrences giving rise to claims against Defendant. *Id.* at 9.

Baker opposes Defendant's Motion.

**B.  Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the Complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff's Complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a complaint need not contain

detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."  *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Additionally, *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (pro se complaints are entitled to liberal construction) (citations omitted).  The Court, however, is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**C. Law and Analysis**

Baker claims in this action that Bryant & Stratton (1) failed to comply with its student handbook by failing to provide testing accommodations; (2) breached a "valid legal contract" outlined in Defendant's letter of May 6, 2015; and (3) defrauded Baker in order to obtain his

tuition payments.  *See* Doc. 1. Baker's claims, however, are barred by res judicata.

The doctrine of res judicata promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *Parklane Hosiery Co v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). *See also Martin v. Dana Driveshaft Manufacturing, L.L.C.*, 2010 U.S. Dist. LEXIS 91243, 2010 WL 3515597 at *2 (N.D. Ohio. Sept. 2, 2010).

Res judicata is "the preclusive effect of a judgment" and encompasses claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). Under claim preclusion, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.*, quoting *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  Issue preclusion, however, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892, quoting *New Hampshire*, 532 U.S. at 748-49.

When a previous judgment upon which the defendant bases a res judicata argument was issued by a federal court on a federal question, the Court must look to federal law to determine the judgment's preclusive effect. *Hamilton's Bogarts, Inc., v. Michigan*, 501 F.3d 644, 650 (6th Cir.2007).  Under federal law, res judicata applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or that should have been litigated in the first action; and (4) there is identity of claims. *See Rawe*

*v. Liberty Mut. Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006); *Hamilton's Bogarts*, 501 F.3d at 650 n. 4 (6th Cir. 2007); *Walker v. General Telephone Co.*, 25 Fed. Appx. 332, 336 (6th Cir. 2001) (citations omitted).

Addressing the third element, the Sixth Circuit has stated that res judicata requires that if an action is dismissed on the merits, the judgment operates as an absolute bar to any subsequent action between the same parties concerning "every matter that was actually litigated in the first case as well as every other ground of recovery that might have been presented." *Walker*, 25 Fed. Appx. at 336, citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  Concerning the fourth element of res judicata, "identity of claims," or causes of action, means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). And where the two causes of action arise from the "same transaction, or series of transactions," the plaintiff should have litigated both causes in the first action and may not litigate the second issue later. *See Rawe*, 462 F.3d at 529.

Here, all four elements of res judicata are satisfied.  There is no question that this second action involves the same parties as *Baker I*. The only two parties in each of the actions are Baker and Bryant & Stratton.

And the decision in *Baker I*, in which the Court granted Defendant's Motion for Judgment on the Pleadings because Baker's claims were barred by the statute of limitations and dismissed Baker's claims with prejudice, was a decision on the merits for purposes of res judicata.  *See Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) (citing *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981)) ("[A] dismissal for failing to comply with a statute of

-6-

limitations is a decision on the merits for claim preclusion purposes."); *see also Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) ("We reached the merits of the excessive-force challenge, because dismissals on statute-of-limitations grounds are judgments on the merits.").

Finally, this second action stems from the "same transaction, or series of transactions" as in *Baker I* and therefore should have been litigated in the first action.  Baker attempts to persuade the Court that his new Complaint is not a reiteration of his claims in *Baker I* by characterizing his "new" claims in this second action as the failure to comply with Defendant's student handbook, "breach of contract," and "fraud." These allegations, however, stem from the defendant's purported failure to provide ADA-compliant testing accommodations in 2015 as alleged in *Baker I*, and the same facts essential to the claims made in *Baker I* are necessary to sustain this action.  Baker's "new" claims therefore could have been presented in *Baker I*. There is no suggestion that these "new" claims were previously unavailable.  Accordingly, the third and fourth elements of res judicata are satisfied.

All of the elements being satisfied for the application of res judicata, Baker is precluded from litigating the issues he raises in the Complaint in this action.

The Court is very tolerant of legal filings from *pro se* litigants.  The Court, however, will not permit any litigant to use the Court's resources to address filings which are clearly designed to harass the Court or the defendant.  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching

on judicial machinery needed by others.  *Id.*  To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings.  *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).  Baker's new Complaint is essentially a reiteration of the same claims that were dismissed in *Baker I* and fails to identify any new facts or occurrences giving rise to a claim against Defendant. This new pleading can be construed as an attempt to harass the Court and the Defendant and obstruct the legal process.  Baker is therefore cautioned that continued efforts to file similar repetitive pleadings may result in sanctions being issued against him.

**D.  Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 6) is hereby GRANTED, and Plaintiff's action is DISMISSED.  Defendant's request for an award of costs and attorney fees incurred in defending this action is DENIED.  Additionally, Plaintiff's "Motion to Make Clear and Certain" (Doc. 3) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

  */s/ Dan Aaron Polster*            5/12/21
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

-8-